**SUSAN MARTIN (AZ#014226)**
**JENNIFER KROLL (AZ#019859)**
**MARTIN & BONNETT, PLLC**
1850 N. Central Ave. Suite 2010
Phoenix, Arizona 85004
Telephone: (602) 240-6900
smartin@martinbonnett.com
jkroll@martinbonnett.com

**POMERANTZ GROSSMAN HUFFORD**
**DAHLSTROM & GROSS LLP**
Jeremy A. Lieberman (*pro hac vice* app. to be filed)
Lesley F. Portnoy (*pro hac vice* app. to be filed)
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone: (212) 661-1100
Facsimile: (212) 661-8665
jalieberman@pomlaw.com
lfportnoy@pomlaw.com

**POMERANTZ GROSSMAN HUFFORD**
**DAHLSTROM & GROSS LLP**
Patrick V. Dahlstrom (*pro hac vice* app. to be filed)
Ten South La Salle Street, Suite 3505
Chicago, Illinois 60603
Telephone: (312) 377-1181
Facsimile: (312) 377-1184
pdahlstrom@pomlaw.com

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

| | |
|---|---|
| MIKE W. HILLIER, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>INSYS THERAPEUTICS, INC.; MICHAEL BABICH; and DARRYL S. BAKER,<br><br>Defendants. | **No.**<br><br>**CLASS ACTION**<br><br>**COMPLAINT FOR VIOLATION OF THE FEDERAL SECURITIES LAWS**<br><br>**DEMAND FOR JURY TRIAL** |

COMPLAINT FOR VIOLATION OF THE FEDERAL SECURITIES LAWS

Plaintiff Mike W. Hillier ("Plaintiff"), individually and on behalf of all other persons similarly situated, by his undersigned attorneys, for his complaint against defendants, alleges the following based upon personal knowledge as to himself and his own acts, and information and belief as to all other matters, based upon, *inter alia*, the investigation conducted by and through his attorneys, which included, among other things, a review of the defendants' public documents, conference calls and announcements made by defendants, United States Securities and Exchange Commission ("SEC") filings, wire and press releases published by and regarding Insys Therapeutics, Inc. ("Insys" or the "Company"), analysts' reports and advisories about the Company, and information readily obtainable on the Internet.

## <u>NATURE OF THE ACTION</u>

1.      This is a federal securities class action on behalf of a class consisting of all persons other than defendants who purchased or otherwise acquired Insys securities between May 1, 2013 and December 12, 2013, both dates inclusive (the "Class Period"), seeking to recover damages caused by defendants' violations of the federal securities laws and to pursue remedies under §§ 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act") and Rule 10b-5 promulgated thereunder against the Company and certain of its top officials.

2.      Insys is a commercial-stage specialty pharmaceutical company that develops and commercializes innovative supportive care products, primarily intended to assist cancer patients cope with the symptoms of their disease and treatment or therapy.

COMPLAINT FOR VIOLATION OF THE FEDERAL SECURITIES LAWS          - 1 -

3.     The Company has two marketed products, Subsys and Dronabinol SG Capsule, which utilize Insys' sublingual spray drug delivery technology and dronabinol formulation and manufacturing capabilities.

4.     In March 2012, Insys launched Subsys, the proprietary sublingual fentanyl spray for breakthrough cancer pain, or BTCP, in opioid-tolerant patients, through a purported "cost-efficient commercial organization of approximately 50 sales professionals."

5.     In its Prospectus, filed with the SEC on May 2, 2013, the Company touted to investors that "Subsys was the second most prescribed branded transmucosal immediate-release fentanyl, or TIRF, product with 16.1% market share on a prescription basis according to Source Healthcare Analytics."

6.     Throughout the Class Period, Defendants made materially false and misleading statements regarding the Company's business and operations. Specifically, Defendants made false and/or misleading statements concerning, and/or failed to disclose, among other things that: (i) the Company engaged in illegal and/or unethical marketing of Subsys; (ii) the Company was exposed to potential fines and other disciplinary actions as a result of its Subsys marketing practices; and, (iii) as a result, the Company's financial statements were materially false and misleading at all relevant times.

7.     On December 12, 2013, after market close, the company announced that, "it has received a subpoena from the Office of Inspector General of the Department of

COMPLAINT FOR VIOLATION OF THE FEDERAL SECURITIES LAWS          - 2 -

Health and Human Services ("HHS") in connection with an investigation of potential violations involving HHS programs. The subpoena requests documents regarding Subsys®, including Insys' sales and marketing practices relating to this product."

8.     On this news, the company's shares fell $7.73 per share, to close at $37.55 per share, a one day drop of over 17%, on high volume.

9.     As a result of defendants' wrongful acts and omissions, and the sharp decline in the market value of the Company's stock, Plaintiff and other Class members have suffered significant losses and damages.

## JURISDICTION AND VENUE

10.     The claims asserted herein arise under and pursuant to §§ 10(b) and 20(a) of the Exchange Act (15 U.S.C. § 78j(b) and 78t(a)) and Rule 10b-5 promulgated thereunder (17 C.F.R. § 240.10b-5).

11.     This Court has jurisdiction over the subject matter of this action pursuant to § 27 of the Exchange Act (15 U.S.C. § 78aa) and 28 U.S.C. § 1331.

12.     Venue is proper in this District pursuant to §27 of the Exchange Act, 15 U.S.C. §78aa and 28 U.S.C. §1391(b), as Insys's principal place of business is located within this District and a substantial part of the conduct complained of herein occurred in this District.

13.     In connection with the acts, conduct and other wrongs alleged in this Complaint, defendants, directly or indirectly, used the means and instrumentalities of

COMPLAINT FOR VIOLATION OF THE FEDERAL SECURITIES LAWS          - 3 -

interstate commerce, including but not limited to, the United States mail, interstate telephone communications and the facilities of the national securities exchange.

## PARTIES

14.     Plaintiff, as set forth in the attached Certification, acquired Insys securities at artificially inflated prices during the Class Period and has been damaged upon the announcement of the alleged corrective disclosure.

15.     Defendant Insys is a Delaware corporation with its principal executive offices located at 444 South Ellis Street, Chandler, Arizona 85224.  Insys's common stock trades on the NASDAQ under the ticker symbol "INSY."

16.     Defendant Michael Babich ("Babich") has been the Company's President, Chief Executive Officer, and a member of the Company's board of directors ("Board") at all relevant times.

17.     Defendant Darryl S. Baker ("Baker") has been the Company's Chief Financial Officer at all relevant times.

18.     The defendants named in ¶¶ 16 - 17 above are sometimes referred to herein as the "Officer Defendants."

## SUBSTANTIVE ALLEGATIONS

19.     Insys is a commercial-stage specialty pharmaceutical company that develops and commercializes innovative supportive care products, primarily intended to assist cancer patients in coping with the symptoms of their disease and treatment or therapy.

COMPLAINT FOR VIOLATION OF THE FEDERAL SECURITIES LAWS          - 4 -

20.    The Company has two marketed products, Subsys and Dronabinol SG Capsule, which utilize Insys' sublingual spray drug delivery technology and dronabinol formulation and manufacturing capabilities.

21.    On or about May 2, 2013, Insys filed with the SEC a Form S-1/A Registration Statement (the "Registration Statement"), which would later be utilized for the IPO, and which incorporated a prospectus to be used in connection with the offer and sale of Insys shares.

22.    On or about May 2, 2013, Insys filed its Prospectus for the IPO, which forms part of the Registration Statement that became effective on May 3, 2013. The Registration Statement and Prospectus (collectively, the "Offering Documents") indicated that the Company's Subsys product had obtained a substantial portion of the market for supportive care products and was in the position to capture even larger market share and greater revenues. The Company stated in relevant part:

> In February 2013, Subsys was the second most prescribed branded transmucosal immediate-release fentanyl, or TIRF, product with 16.1% market share on a prescription basis according to Source Healthcare Analytics.
>
> ***
>
> In the fourth quarter of 2012, our aggregate sales and marketing expenditures were $3.1 million, and we generated $4.8 million in Subsys net revenue. We focus our development efforts on product candidates that utilize innovative formulations to address the clinical shortcomings of existing commercial pharmaceutical products. We intend to utilize our sublingual spray drug delivery technology and dronabinol formulation capabilities to develop novel formulations of approved medications where we believe

COMPLAINT FOR VIOLATION OF THE FEDERAL SECURITIES LAWS          - 5 -

improved efficacy, onset of action or patient convenience are needed.

***

We believe there is a large and underserved market for supportive care products. The National Cancer Institute estimates that, as of January 1, 2009, there were approximately 12.5 million people in the United States who had been diagnosed or were living with cancer. Cancer and the radiation or chemotherapy treatment regimens intended to eradicate or inhibit the progression of the disease often cause debilitating side effects and symptoms such as pain, nausea and vomiting in cancer patients

23.     On or about June 3, 2013, the Company issued a press release reporting first quarter 2013 results. For the quarter the Company announced total revenues of $11.1 million, $9.7 million in net revenue from sales of Subsys, and net income of $0.1 million or $0.01 per diluted share. The Company further stated that, "total net revenue increased by 446% to $11.1 million for the first quarter of 2013."

24.     On or about June 5, 2013, the Company filed with the SEC on Form 10-Q its quarterly report for the period ending March 31, 2013, in which the Company reiterated its previously announced financial performance for the quarter.

25.     On or about August 13, 2013, the Company issued a press release reporting second quarter 2013 results. For the quarter, the Company announced total revenues of $18.8 million, $18.5 million in net revenue from sales of Subsys, up 90.8% since the first quarter 2013, and net income of $4.5 million or $0.26 per diluted share. Defendant Babich further stated that, "[o]ur strong second quarter results were driven by continued uptake of Subsys. We are excited to have achieved our second quarter of

COMPLAINT FOR VIOLATION OF THE FEDERAL SECURITIES LAWS         - 6 -

profitability and look forward to building value for shareholders as we continue to execute on our marketing plan. The continued growth we have achieved allows us to accelerate reinvestment in both our research and development and sales and marketing efforts."

26.    On or about August 13, 2013, the Company filed with the SEC on Form 10-Q its quarterly report for the period ending June 30, 2013, in which the Company reiterated its previously announced financial statements for the quarter.

27.    On or about November 11, 2013, the Company issued a press release reporting third quarter 2013 results. For the quarter, the Company announced total revenues of $29.2 million versus $4.8 million for the third quarter of 2012, $28.4 million in net revenue from sales of Subsys, up "1,002% over third quarter 2012," and net income of $11.6 million or $0.51 per diluted share. Defendant Babich further stated that, "[o]ur strong results this quarter were driven by continued prescription growth of the Subsys franchise to alleviate breakthrough pain for cancer patients. The product, with its simple, one-step administration system, has captured over 30% share of the transmucosal immediate-release fentanyl (TIRF) market, and we aim to drive further growth through execution of our marketing strategy."

28.    On or about November 12, 2013, the Company filed with the SEC on Form 10-Q its quarterly report for the period ending September 30, 2013, in which the Company reiterated its previously announced financial statements for the quarter.

29.    The above statements were materially false and misleading regarding the

COMPLAINT FOR VIOLATION OF THE FEDERAL SECURITIES LAWS          - 7 -

Company's business and operations. Specifically, Defendants made false and/or misleading statements concerning, and/or failed to disclose, among other things that: (i) the Company engaged in illegal and/or unethical marketing of Subsys; (ii) the Company was exposed to potential fines and other disciplinary actions as a result of its Subsys marketing practices; and, (iii) as a result, the Company's financial statements were materially false and misleading at all relevant times.

## THE TRUTH EMERGES

30.     On December 12, 2013, after the market close, the Company announced that, "it has received a subpoena from the Office of Inspector General of the Department of Health and Human Services ("HHS") in connection with an investigation of potential violations involving HHS programs. The subpoena requests documents regarding Subsys®, including Insys' sales and marketing practices relating to this product."

31.     On this news, the Company's shares fell $7.73 per share, to close at $37.55 per share, a one day drop of over 17%, on unusually high trading volume.

## PLAINTIFF'S CLASS ACTION ALLEGATIONS

32.     Plaintiff brings this action as a class action pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3) on behalf of a Class, consisting of all those who purchased or otherwise acquired Insys securities during the Class Period (the "Class"); and were damaged upon the revelation of the alleged corrective disclosures.  Excluded from the Class are defendants herein, the officers and directors of the Company, at all relevant times, members of their immediate families and their legal representatives,

heirs, successors or assigns and any entity in which defendants have or had a controlling interest.

33.     The members of the Class are so numerous that joinder of all members is impracticable.  Throughout the Class Period, Insys securities were actively traded on the NASDAQ.  While the exact number of Class members is unknown to Plaintiff at this time and can be ascertained only through appropriate discovery, Plaintiff believes that there are hundreds or thousands of members in the proposed Class.  Record owners and other members of the Class may be identified from records maintained by Insys or its transfer agent and may be notified of the pendency of this action by mail, using the form of notice similar to that customarily used in securities class actions.

34.  Plaintiff's claims are typical of the claims of the members of the Class as all members of the Class are similarly affected by defendants' wrongful conduct in violation of federal law that is complained of herein.

35.   Plaintiff will fairly and adequately protect the interests of the members of the Class and has retained counsel competent and experienced in class and securities litigation.  Plaintiff has no interests antagonistic to or in conflict with those of the Class.

36.  Common questions of law and fact exist as to all members of the Class and predominate over any questions solely affecting individual members of the Class. Among the questions of law and fact common to the Class are:

- whether the federal securities laws were violated by defendants' acts as alleged herein;

COMPLAINT FOR VIOLATION OF THE FEDERAL SECURITIES LAWS          - 9 -

- whether statements made by the Individual Defendants to the investing public during the Class Period misrepresented and/or omitted material facts about the business, prospects, and operations of Insys

- whether defendants acted knowingly or recklessly (i.e., with scienter) in issuing false and misleading financial statements;

- whether the prices of Insys securities during the Class Period were artificially inflated because of the defendants' conduct complained of herein; and

- whether the members of the Class have sustained damages and, if so, what is the proper measure of damages.

37.     A class action is superior to all other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable. Furthermore, as the damages suffered by individual Class members may be relatively small, the expense and burden of individual litigation make it impossible for members of the Class to individually redress the wrongs done to them.  There will be no difficulty in the management of this action as a class action.

38.     Alternatively, Plaintiffs and the members of the Class are entitled to the presumption of reliance established by the Supreme Court in *Affiliated Ute Citizens of the State of Utah v. United States*, 406 U.S. 128, 92 S. Ct. 2430 (1972), as Defendants omitted material information in their Class Period statements in violation of a duty to disclose such information, as detailed above.

### APPLICABILITY OF PRESUMPTION OF RELIANCE: FRAUD-ON-THE-MARKET DOCTRINE

39.     Plaintiff will rely, in part, upon the presumption of reliance established by the fraud-on-the-market doctrine in that:

COMPLAINT FOR VIOLATION OF THE FEDERAL SECURITIES LAWS          - 10 -

- defendants made public misrepresentations or failed to disclose material facts during the Class Period;

- the omissions and misrepresentations were material;

- the Company's stock met the requirements for listing, and was listed and actively traded on the NASDAQ, a highly efficient and automated markets;

- the Company's shares were liquid and traded with moderate to heavy volume during the Class Period (ranging from hundreds of thousands to millions of shares per week);

- as a regulated issuer, the Company filed with the SEC periodic reports during the Class Period;

- the Company regularly communicated with public investors via established market communication mechanisms, including regular disseminations of press releases on the national circuits of major newswire services and other wide-ranging public disclosures, such as communications with the financial press and other similar reporting services;

- the Company was followed by multiple securities analysts employed by major brokerage firms who wrote reports that were distributed to the sales force and certain customers of their respective brokerage firms during the Class Period; these reports was publicly available and entered the public marketplace;

- numerous FINRA member firms were active market-makers in the Company's stock at all times during the Class Period; and

- unexpected material news about the Company was rapidly reflected in and incorporated into the Company's stock price during the Class Period.

40.     Based upon the foregoing, Plaintiff and the members of the Class are entitled to a presumption of reliance upon the integrity of the market.

## COUNT I

### Violation of § 10(b) of the Exchange Act, and Rule 10b-5
### Promulgated Thereunder, Against Insys, and the Individual Defendants

41.     Plaintiff repeat and reallege the allegations contained above as if fully set forth herein.

42.     During the Class Period, Insys and the Officer Defendants disseminated or approved the materially false and misleading statements specified above, which they knew or deliberately disregarded were misleading in that they contained misrepresentations and failed to disclose material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading.

43.     The Officer Defendants: (a) employed devices, schemes, and artifices to defraud; (b) made untrue statements of material fact and/or omitted to state material facts necessary to make the statements made not misleading; and (c) engaged in acts, practices, and a course of business which operated as a fraud and deceit upon the purchasers of the Companies' units and shares during the Class Period.

44.     Plaintiff and the Class have suffered damages in that, in reliance on the integrity of the market, they paid artificially inflated prices for Insys shares. Plaintiff and the Class would not have purchased Insys shares at the prices they paid, or at all, if they had been aware that the market prices had been artificially and falsely inflated by the Officer Defendants' misleading statements.

COMPLAINT FOR VIOLATION OF THE FEDERAL SECURITIES LAWS          - 12 -

45.     As a direct and proximate result of the Officer Defendants' wrongful conduct, Plaintiff and the other members of the Class suffered damages in connection with their purchases of Insys shares during the Class Period.

## COUNT II

### Violation of § 20(a) of the Exchange Act
### Against the Individual Defendants

46.     Plaintiff repeats and realleges the allegations contained above as if fully set forth herein.

47.     During the Class Period, the Individual Defendants, as senior executive officers and/or directors of Insys, were privy to confidential and proprietary information concerning Insys, its operations, finances, financial condition and present and future business prospects.  The Individual Defendants also had access to material adverse non-public information concerning Insys, as detailed in this Complaint.  Because of their positions within Insys, the Individual Defendants had access to non-public information about the business, finances, products, markets and present and future business prospects of Insys via internal corporate documents, conversations and connections with other corporate officers and employees, attendance at management and/or board of directors meetings and committees thereof and via reports and other information provided to them in connection therewith.  Because of their possession of such information, the Individual Defendants knew or recklessly disregarded that the adverse facts specified herein had not been disclosed to, and were being concealed from, the investing public.

48.   The Individual Defendants are liable as direct participants in the wrongs complained of herein.   In addition, the Individual Defendants, by reason of their status as senior executive officers and/or directors, were "controlling persons" within the meaning of §20(a) of the Exchange Act and had the power and influence to cause Insys to engage in the unlawful conduct complained of herein.   Because of their positions of control, the Individual Defendants were able to and did, directly or indirectly, control the conduct of the business of Insys.

49.   The Individual Defendants, because of their positions with Insys, controlled and/or possessed the authority to control the contents of Insys's reports, press releases and presentations to securities analysts and through them, to the investing public.   The Individual Defendants were provided with copies of Insys's reports and press releases alleged herein to be misleading, prior to or shortly after their issuance and had the ability and opportunity to prevent their issuance or cause them to be corrected.   Thus, the Individual Defendants had the opportunity to commit the fraudulent acts alleged herein.

50.   The Individual Defendants, as senior executive officers and/or directors and as controlling persons of a publicly traded company whose shares were, and is, governed by the federal securities laws and is registered with the NASDAQ Global Select Market, had a duty to promptly disseminate accurate and truthful information with respect to Insys's   financial condition, cash flow, performance, growth, operations, financial statements, business, products, markets, management, earnings and present and future business prospects, and to correct any previously issued statements that had become

COMPLAINT FOR VIOLATION OF THE FEDERAL SECURITIES LAWS          - 14 -

materially misleading or untrue, so that the market price of Insys shares would be based upon truthful and accurate information.  The Individual Defendants' misrepresentations and omissions during the Class Period violated these specific requirements and obligations.

51.    The Individual Defendants acted as controlling persons Insys within the meaning of Section 20(a) of the Exchange Act as alleged herein. By reason of their positions as officers and/or directors of Insys, and their ownership of Insys shares, the Individual Defendants had the power and authority to cause Insys to engage in the wrongful conduct complained of herein. By reason of such conduct, the Individual Defendants are liable pursuant to Section 20(a) of the Exchange Act.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff demands judgment as follows:

A.    Determining that the instant action may be maintained as a class action under Rule 23 of the Federal Rules of Civil Procedure, and certifying Plaintiff as the Class representative;

B.    Awarding compensatory damages in favor of Plaintiff and the other Class members against all defendants, jointly and severally, for all damages sustained as a result of defendants' wrongful acts and misconduct as alleged herein, in an amount to be proven at trial;

COMPLAINT FOR VIOLATION OF THE FEDERAL SECURITIES LAWS          - 15 -

C.   Awarding Plaintiff and the other members of the Class prejudgment and post-judgment interest, as well as their reasonable attorneys' fees, expert fees and other costs; and

D.   Awarding such other and further relief as this Court may deem just and proper.

### DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury.

Dated this 16th day of December, 2013.

**MARTIN & BONNETT, P.L.L.C.**

By:   s/Susan Martin
Susan Martin
Jennifer L. Kroll
1850 N. Central Ave. Suite 2010
Phoenix, AZ 85004
(602) 240-6900

**POMERANTZ GROSSMAN HUFFORD
DAHLSTROM & GROSS LLP**
Jeremy A. Lieberman (*pro hac vice* app. to be filed)
Lesley F. Portnoy (*pro hac vice* app. to be filed)
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone:  (212) 661-1100
Facsimile:  (212) 661-8665
jalieberman@pomlaw.com
lfportnoy@pomlaw.com

**POMERANTZ GROSSMAN HUFFORD
DAHLSTROM & GROSS LLP**
Patrick V. Dahlstrom (*pro hac vice* app. to be filed)
Ten South LaSalle Street, Suite 3505
Chicago, Illinois 60603
Telephone:  (312) 377-1181

COMPLAINT FOR VIOLATION OF THE FEDERAL SECURITIES LAWS          - 16 -

Facsimile:  (312) 377-1184
pdahlstrom@pomlaw.com

**BRONSTEIN GEWIRTZ & GROSSMAN LLP**
Peretz Bronstein (*pro hac vice* app. to be filed)
60 East 42nd Street, Suite 4600
New York, New York 10165
Telephone:    (212) 697-6484
Facsimile:     (212) 697-7296
Email: peretz@bgandg.com

*Attorneys for Plaintiff*

# Certification of Plaintiff
# Pursuant to Federal Securities Laws

     1.   I, Mike W. Hillier, make this declaration pursuant to Section 101 of the Private Securities Litigation Reform Act of 1995 as required by Section 21D (a) (2) of Title I of the Securities Exchange Act of 1934.

     2.     I have reviewed a Complaint against INSYS Therapeutics, Inc. ("INSYS"), and authorize a filing of a comparable complaint on my behalf.

     3.   I did not purchase my INSYS securities at the direction of plaintiffs' counsel or in order to participate in any private action arising under Title I of the Securities Exchange Act of 1934.

     4.   I am willing to serve as a representative party on behalf of a class as set forth in the Complaint, including providing testimony at deposition and trial, if necessary.  I understand that the Court has the authority to select the most adequate lead plaintiff in this action.

     5.   To the best of my current knowledge, the attached sheet lists all of my purchases and sales in INSYS securities during the Class Period as specified in the Complaint.

     6.     During the three-year period preceding the date on which this certification is signed, I have not sought to serve as a representative party on behalf of a class under the federal securities laws.

     7.     I agree not to accept any payment for serving as a representative party on behalf of the class as set forth in the Complaint, beyond my pro rata share of any recovery, except such reasonable costs and expenses (including lost wages) directly relating to the representation of the class as ordered or approved by the Court.

8.     The matters stated in this declaration are true to the best of my current knowledge, information and belief.

I declare under penalty of perjury that the foregoing is true and correct.

Executed _12/16/2013_ , at _Charlotte NC  28209_

(Date)

(City, State)

(Signature)

_MIKE HILLIER_

(Type or Print Name)

## Summary of Purchases and Sales

| DATE | TRANSACTION TYPE: PURCHASE OR SALE | NUMBER/ TYPE OF SECURITY | PRICE OF SECURITY |
|------|------------------------------------|--------------------------|-------------------|
| 10-7 | Purchase | 100 | 46.93 |
| 10-2 | Purchase | 30 | 38.49 |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |